

Joseph J. Bernasky (JB-1420)
JONES DAY
222 East 41st Street
New York, New York 10017
212.326.3939

Michael J. Gray (pro hac vice)
Brent D. Knight (pro hac vice)
Efrat R. Schulman (pro hac vice)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
312.682.3939
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMILY SOLIMINE and THOMAS FILIACI, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, Inc. <br><br> Defendants. | 1:09-civ-3107 (AKH) <br> ECF ACTION |

### STIPULATED PROTECTIVE ORDER

Disclosure and discovery in this action may require the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than the prosecution and resolution of this litigation would be warranted. The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns. The parties intend this Protective Order ("Order") to address these concerns.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and good cause having been shown, the parties agree and it is hereby ORDERED THAT:

(1) For purposes of this Order, "Confidential Information" means confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information. The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns. The parties intend this Order to address these concerns.

(2) All information including, without limitation, documents, writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, expert reports, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information ("Discovery Material") produced in response to discovery requests in this litigation by any plaintiff, any defendant or any third party ("Producing Party"), which a Producing Party in good faith believes contains any trade secret or confidential commercial or financial or personal information, may be designated "Confidential" under this Order by the Producing Party ("Confidential Information"). Parties shall designate the Confidential Information, including documents that each believes to be protected by this Order by labeling them "Confidential" at the time of service, production, copying or filing.

(3) If any document or information designated as "Confidential" is used or discussed during any deposition, and the deposition transcript contains such information or has, as an attachment, the document or information from the document, either party may designate the relevant portion of the deposition transcript or document as "Confidential."

(4) Should Parties inadvertently fail to designate information as Confidential at the time it is produced, Parties may retroactively designate information and documents as Confidential and subject to this Order by sending a letter or e-mail to opposing counsel describing the information so designated. Upon request, counsel shall promptly explain the basis for designating information or documents as protected under this Order.

(5) Except as otherwise may be provided by further order of the Court or as otherwise stated herein, documents designated as Confidential, including extracts and summaries thereof, shall be used for no other purpose other than prosecuting or defending this action and shall be disclosed only to those persons identified in paragraph 7.

(6) If a party wishes to submit Confidential Information as an exhibit to or incorporated in a pleading or brief filed with the Court, the party must first move under Rule 4 of the Individuals Rules of the Honorable Alvin K. Hellerstein, Southern District of New York, or such other individual rules as may be applicable at the time, to submit the Confidential Information under seal. A copy of the pleading or brief with the Confidential Information redacted shall be filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal. The docket entry for the original pleading or brief shall show only that a confidential document was filed without any notation indicating its nature. Confidential Information contained in the papers filed under seal shall remain under seal until further order of this Court provided, however, that such papers may be furnished to persons or entities who may receive Confidential Information pursuant to Paragraph 7, below.

(7) The right of access to all information and documents designated as subject to this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to: (a) the Court; (b) the parties; (c) counsel and the employees and

professional assistants of counsel who have a need to review the information to aid effectively in the preparation of the case; (d) consultants, investigators and experts involved in the preparation of the litigation; (e) other witnesses for plaintiff and defendant to the extent it is necessary to elicit information relevant to the matters at issue in the case; and (f) any other person mutually authorized by counsel for plaintiffs and defendant to be provided such information or to examine such documents. If, at a deposition, a question contains Confidential Information, a question calls for an answer containing Confidential Information, or if counsel shows documents designated as Confidential subject to this Order, counsel for the party with an interest in protecting such Confidential Information shall, either at the deposition itself or within 30 days after the receipt of the transcript thereof, notify all counsel of record that the information provided in such answer or question is considered Confidential and that the transcript or portion thereof reflecting such information shall be subject to the provisions of this Order.

Any person other than counsel of record and employees/attorneys at counsels' law firm who is to obtain access to Confidential Information pursuant to this paragraph, except for Court personnel, shall prior to receipt of such Confidential Information (or after, in the case of a deposition), be informed by the Producing Party of the terms of this Order and must agree to keep the Confidential Information confidential by signing the form attached herein as Exhibit A.

(8) Except as provided herein, no person having access to information or documents designated as subject to this Order shall reveal to any person not named in paragraph 7 any such information or documents without further Order of the Court or stipulation of the parties, provided, however, that nothing contained herein shall restrict Plaintiff's use of her own confidential information or documents or the Defendant's use of its own records for official business or for other purposes consistent with applicable laws and regulations.

(9) Any party shall have the right to challenge any designation of Confidentiality by notifying the designating party in writing within 30 days of the designation of the information or document being designated as "Confidential." If the parties are unable to resolve the disagreement, the party supporting the designation may seek an order from the Court to continue the designated information or documents under the protection of this Order. During the pendency of such a motion, the information or documents shall be treated as "Confidential" within the meaning of this Order. Upon a determination that a designation of information or a document is not justified, the information or document will no longer be subject to this Order.

In the event that a producing party inadvertently fails to designate its information as Confidential at the time of production, it may later so designate by notifying the other party in writing. After any belated designation of information as Confidential pursuant to this paragraph, the receiving party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or party shall incur any liability hereunder with respect to the disclosure of Confidential Information that occurred prior to receipt of written notice of a belated designation.

(10) Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing documents that are subject to this Order, or the contents thereof, into evidence at trial or during pre-trial proceedings, including during summary judgment or preliminary evidentiary proceedings in open court. If these documents or their contents are to be used at trial, the Court may direct at that time the extent to which confidentiality shall be protected.

(11) Any specific part or parts of the restrictions imposed by this Order may be terminated at any time by agreement of the parties or by an order of the Court. This Order is

without prejudice to the rights of any party to make any objection to discovery permitted by the Rules for the Superior Court, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

(12) At the time that any consultant, expert or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof containing Confidential Information that are in the possession of such person, together with all notes, memoranda or other papers containing Confidential Information. At the conclusion of this action, each party shall return documents containing Confidential Information obtained in this action to the Producing Party, unless the parties mutually agree to alternative arrangements, including but not limited to certification of destruction of the documents, consistent with applicable law.

(13) This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

IT IS SO ORDERED.

Dated: 7/18/11

*[Signature]*
Judge Hellerstein
United States District Judge

Respectfully submitted,

*[Signature]*
Michael DiChiara
DiChiara Law Firm LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656

Eric B. Kingsley
Kingsley & Kingsley
16133 Ventura Blvd., Suite 1200
Encino, CA 91436

Charles Joseph
JOSEPH & HERZFELD LLP
757 Third Avenue, 25th Floor
New York, NY 10017

*Counsel for Plaintiffs*

*[Signature]*
Joseph J. Bernasky (JB-1420)
JONES DAY
222 East 41st Street
New York, New York 10017

Michael J. Gray (*pro hac vice*)
Brent D. Knight (*pro hac vice*)
Efrat R. Schulman (*pro hac vice*)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Fax: (312) 782-8585
E-Mail: mjgray@jonesday.com

*Counsel for Defendant Abbott Laboratories, Inc.*

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY SOLIMINE and THOMAS FILIACI, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES, Inc.<br><br>        Defendants. | 1:09-civ-3107 (AKH)<br>ECF ACTION |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges that s/he has read the provisions of the foregoing Agreed Protective Order and agrees to be bound thereby.

_____
Printed Name

_____
Signature

_____
Date

- 8 -

CHI-1805402v1